**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| DR. JOSEPH F. KASPER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:15-cv-00923 (Consolidated) |
| AAC HOLDINGS, INC., et al., | ) ) | Judge McCalla/Frensley |
| Defendants. | ) | |

## ORDER

   This matter is before the Court upon Plaintiff's "Renewed Motion to Compel Defendants'

Production of Documents Under Rule 37 of the Federal Rules of Civil Procedure." Docket No.

147. Plaintiff has also filed a Supporting Memorandum of Law. Docket No. 148. Defendants

have filed a Response in Opposition. Docket No. 131.[1] Plaintiff has filed a Reply. Docket No.

135-1. For the reasons discussed below, Plaintiff's Motion is DENIED.

---

[1] Plaintiff's original Motion to Compel the production of the same documents that are the subject of the instant Motion was denied based upon Plaintiff's failure to comply with Local Rule 37.01(b)(2). Docket Nos. 123, 145. Plaintiff subsequently filed the instant Renewed Motion to Compel (Docket No. 147), that appears to be virtually identical to the original Motion, with the exception of a section in the Supporting Memorandum of Law titled "Local Rule 37.01(b)(2) Statement." *Compare* Docket Nos. 123, 124 with Docket Nos. 147, 148. Defendants have not filed a Response to the Renewed Motion, nor have Plaintiffs filed a Reply; however, because the original and renewed Motions to Compel and Supporting Memoranda of Law appear to be identical in all significant respects, the undersigned will construe the original Response filed by Defendants (Docket No. 131) and Reply filed by Plaintiffs (Docket No. 135-1) to be responsive to the Renewed Motion to Compel.

# I. THE DISCOVERY MATTERS AT ISSUE

In this securities class action, Plaintiff seeks to compel production of certain documents withheld by Defendants on the basis of attorney-client privilege and work product protection, that Plaintiff contends are responsive to Plaintiff's First Set of Requests for Production. Docket No. 148.

Plaintiffs cite the following document requests as the basis for their Motion to Compel. Document Request No. 36: "All documents concerning the CA DOJ Investigation;" Document Request No. 38: "All documents concerning the August 29, 2013 declaration of California Deputy Attorney General Hardy R. Gold filed in the *Hill* Litigation;" and Document Request No. 39: "All documents concerning the September 18, 2013 letter from Barry P. King to California Chief Deputy Attorney General Nathan R. Barankin." [2] *Id.* at 18-20. Defendants object to these requests, *inter alia*, "to the extent that the request seeks documents subject to the attorney-client privilege, the work product doctrine, or other immunities from discovery." *Id.* at 19-20. Regarding these objections, Plaintiffs assert that:

> Plaintiffs object to Defendants' objections to requests for
> production numbers 36, 38, and 39 based on the grounds that
> Defendants have waived privilege as to documents concerning the
> CA DOJ Investigation by asserting a reliance on advice of counsel
> defense, and also by producing privileged documents reflecting
> communications between Defendants and their lawyers regarding
> the CA DOJ investigation.

*Id.* at 20.

---

[2] "CA DOJ investigation" refers to an investigation by the California Department of Justice that Plaintiff characterizes as "a criminal investigation . . . concerning the death of [a person] who died while under the care of one of Defendants' treatment facilities." Docket No. 148, p. 10. Defendants characterize it as "a purported investigation . . . that culminated in a grand jury indictment against [certain individuals and entities] for second-degree murder and dependent adult abuse." Docket No. 131, p. 7.

Plaintiffs contend that:

> Defendants have asserted a reliance on advice of counsel defense
> and have voluntarily produced documents concerning the CA DOJ
> investigation that operate as a waiver of privilege. As such, per the
> subject matter waiver rule, Court [*sic*] should find that Defendants
> have waived both attorney-client and work product privileges as to
> all documents concerning the CA DOJ investigation and compel
> Defendants to produce these documents, including documents
> reflecting communications between Defendants and Attorney
> King, Attorney Greer, BCO and other attorneys that represented
> Defendants concerning the CA DOJ investigation.

*Id.* 28-29.

Plaintiffs assert that "[a] core question of fact in discovery involves what Defendants

knew and when about the criminal investigation by the CA DOJ . . . ." *Id.* at 12. Plaintiffs argue

that despite the fact that Defendants stated that "they did not intend to assert reliance on an

advice of counsel defense" with regard to this issue, Defendants later "raised a defense that they

were told by Attorney Greer, an attorney acting on behalf of AAC and former AAC president

(Defendant Jerrod N. Menz) that the CA DOJ was no longer investigating AAC or any of its

employees." *Id.* at 13. As a basis for this assertion, Plaintiffs point to Defendants' Responses to

Interrogatories Nos. 12 and 14, from Defendants' Responses and Objections to Plaintiff's Third

Set of Interrogatories, attached to the instant Motion as Exhibit M (Docket No. 149-13).

Plaintiffs specifically point to Defendants' response that they did not disclose the existence of the

CA DOJ investigation during the critical time period because "Barry King, a lawyer acting for

AAC ('Attorney King'), sent a letter to the CA DOJ complaining about the investigation and

allegedly received no response." *Id.* at 7. Plaintiffs also argue that Defendants have objected to

Plaintiffs' attempts to solicit "actual pure facts" by claiming the protection of the attorney-client

privilege during Defendants' 30(b)(6) deposition. *Id.* at 25-26.

Plaintiffs contend that Defendants have "voluntarily produced several documents reflecting privileged communications involving Attorney Greer, Attorney King, Defendant Menz, and others concerning the CA DOJ investigation." *Id.* at 13-15, *referencing* Docket Nos. 149-3 and 149-15. Plaintiffs argue that these documents reflect Mr. Greer's privileged legal advice, instead of Mr. Greer's lobbying activities on behalf of Defendants, as Defendants maintain. *Id.* at 16-18. Plaintiffs further argue that Defendants are improperly engaging in selective waiver, producing only the documents that they wish to disclose in an effort to use privilege "as a sword and a shield." *Id.* at 26-27.

Plaintiffs contend that Defendants' voluntary production of privileged documents constitutes a waiver of attorney-client privilege as to all documents concerning the CA DOJ investigation. *Id.* at 23. Plaintiffs argue that the privilege is waived for, and Defendants should therefore produce:

> [A]ll documents concerning the CA DOJ investigation, including Defendants' communications with Attorneys King, Greer, Bass, Berry & Sims PLC; Beach, Cowdrey, Owen LLP; Manatt, Phelps & Phillips, LLP; Bird Marella P.C.; Scheper, Kim & Harris LLP, as well as BDO USA LLP (AAC's outside auditor); and William Blair & Company, L.L.C.; Raymond James & Associates, Inc.; and Avondale Partners, LLC (investment banks that acted as underwriters in AAC's IPO).

*Id.* at 21.

Defendants respond that they are not asserting an advice of counsel defense, as they are relying, not on any legal advice, but rather on facts conveyed to them by counsel, and therefore have not waived their attorney-client privilege. Docket No. 131, p. 13-15. Regarding Plaintiffs' argument that Defendants have waived privilege by producing documents reflecting privileged communications, Defendants maintain that they "have not produced any protected information." *Id.* at 16. Instead, Defendants assert that "the documents produced are simply Mr. Greer

conveying facts learned from the Attorney General's office," and that "Mr. Greer's services in communicating with the Attorney General's office are in the nature of government relations of lobbying." *Id.* Defendants argue that because these communications do not entail Mr. Greer providing legal advice, they are not privileged, and Defendants did not waive the privilege by producing them. *Id.* at 16-18. Defendants further argue that they are not using the privilege as both a sword and a shield, because they are not relying on privileged communications to make their case. *Id.* at 18.

Defendants contend that Plaintiffs are seeking documents involving Mr. Greer that contain communications protected by the attorney-client privilege and the work product doctrine that should not be produced. *Id.* Defendants maintain that while Mr. Greer did provide non-legal services, this does not operate as a waiver of privilege as to communications reflecting the legal services that he also provided. *Id.* Defendants further maintain that due to the various actions in which Mr. Greer did provide them with legal services, many of which involved other law firms and attorneys, Plaintiffs' request that the Court order Defendants to produce all privileged communications with Mr. Greer would result in a situation "nearly the same as an order to produce all privileged communications with the six other law firms involved in these six legal actions, which, for the reasons set forth above, is not supported by the law, facts, or equity." *Id.*

Plaintiffs reply that Defendants are, in fact, relying on an advice of counsel defense, while strategically claiming not to in order to improperly pick and choose which documents they produce to Plaintiffs. Docket No. 135-1, *passim.* As support for this position, Plaintiffs assert that "Defendants have explained their failure to disclose the CA DOJ investigation to investors . . . by pointing to communications between Attorney Greer and two California officials regarding

the target of the California DOJ's investigation." *Id.* at 9, *referencing* Docket No. 131, p. 4, 7-8. Plaintiffs also maintain that Defendants have produced documents reflecting privileged communications between Mr. Greer and Mr. Menz concerning the CA DOJ investigation, "presumably to buttress their claimed explanation for the nondisclosure." *Id.*, *referencing* Docket No. 149-15. Plaintiffs contend that Defendants are relying on the lack of communication between their counsel and the CA DOJ as a defense, and that "[i]t is difficult to see how Defendants can rely on their counsel's ***non-communication*** with a third party without implicating that counsel's advice. *Id.* at 9-10, n. 5.

Plaintiffs argue that the documents that Defendants have produced, as well as the testimony of Defendant AAC's 30(b)(6) witness, reveal that Mr. Greer's communications with Mr. Menz "were not mere relays of unsolicited factual disclosures," but rather reflect that Defendants requested that Mr. Greer inquire into the investigation and the results of Mr. Greer's inquiries, as well as Mr. Greer's related legal advice. *Id.* at 10-11. Plaintiffs assert that "Defendants' own privilege log demonstrates that Attorney Greer was providing legal advice to Defendant Menz as his attorney ***the very same week*** he sent [emails regarding the CA DOJ investigation]." *Id.* at 11, *referencing* Docket No. 149-9, emphasis in original. Plaintiffs contend that "Defendants' argument that Greer's communications about the status of the CA DOJ investigation conveyed mere facts is inconsistent with the position Defendants' [*sic*] have taken in discovery." *Id.* at 15-16. Plaintiffs argue that Defendants have previously characterized Mr. Greer's communications on the CA DOJ investigation as privileged. *Id.*

Plaintiffs reiterate that Defendants' interrogatory responses demonstrate that they are relying on an advice of counsel defense, specifically citing Defendants' answer regarding a statement made on a telephone call with investors that referred to advice from Mr. Greer and

stated that "***Defendant Cartwright relied upon this to inform his belief***." *Id.* at 13, emphasis in original.

Plaintiffs also assert that Defendants are claiming that Mr. Greer is a lobbyist, but that "the Court should find that Attorney Greer's predominant purpose was providing legal advice, not lobbying." *Id.* at 17. As support for this, Plaintiffs point to Mr. Greer's "almost ubiquitous presence in the Company's privilege log . . . ." *Id.*

## II. LAW AND ANALYSIS

### A. Discovery Under the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. FRCP 26(b)(5) sets out the steps that a party must take if it withholds information otherwise discoverable based upon a claim of privilege or a claim that the information is protected by the work product doctrine. The party asserting the privilege or work product protection has the burden of showing that those protections apply. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006); *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). FRCP 37(a) provides that the Court may compel the disclosure or discovery of documents improperly withheld after a request has been made under FRCP 34.

### B. The Attorney-Client Privilege

The Sixth Circuit has established the following elements with regard to attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7)

from disclosure by himself or the legal adviser, (8) except the
protection be waived.

*Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co.*, No. 93-3084, 1994 U.S. App. LEXIS

3828, at *17-18 (6th Cir. Feb. 25, 1994), *quoting U.S. v. Goldfarb*, 328 F.2d 280 (6th Cir. 1964).

The Sixth Circuit has further held that "[i]t is, of course, well established that attorney-

client communications related to areas other than legal counseling, such as business advice, are

not privileged." *In re Search Warrant Executed at Law Offices of Stephen Garea*, No. 97-4112,

1999 U.S. App. LEXIS 3861, 4-5 (6th Cir. Mar. 5, 1999), *citing In re Grand Jury Subpoena*

*Duces Tecum*, 731 F.2d 1032, 1037 (2d Cir. 1984).

Waiver of the attorney-client privilege has been defined as follows:

As a general rule, the "attorney-client privilege is waived by
voluntary disclosure of private communications by an individual or
corporation to third parties.  In addition, a client may waive the
privilege by conduct which implies a waiver of the privilege or a
consent to disclosure."  The prevailing view is that once a client
waives the privilege to one party, the privilege is waived en toto.

*Tenn. Laborers Health & Welfare Fund v. Columbia/Hca Healthcare Corp.*, 293 F.3d 289, 294

(6th Cir. 2002) (internal quotation marks and citations omitted).

## C.  The Work Product Doctrine

The work product doctrine states that a party may obtain discovery of documents

otherwise discoverable and prepared in anticipation of litigation or for trial by or for another

party, or by or for that other party's representative, only upon a showing that the party seeking

discovery has substantial need of the materials in the preparation of the party's case and that the

party is unable, without undue hardship, to obtain the substantial equivalent of the materials by

other means.  Fed. R. Civ. P. 26(b)(3).

The Sixth Circuit has articulated the "because of" test as the standard for determining whether documents were prepared "in anticipation of litigation." *Roxworthy*, 457 F.3d at 593. There is a subjective component to this inquiry. *Id.* at 593-94. A document is not protected by the work product doctrine if "it would have been prepared in substantially the same manner irrespective of the anticipated litigation." *Id.*

## D. The Case at Bar

While Plaintiffs contend that Defendants are relying on an "advice of counsel" defense in this matter, Defendants have consistently maintained otherwise. There is no such defense to be found in Defendants' Answer and Affirmative Defenses. *See* Docket No. 65. In response to Plaintiffs' Interrogatory that asks "[i]f you intend to assert reliance on the advice of counsel as a defense in this Action, identify the counsel and the advice You intend to rely upon," Defendants answered: "[s]ubject to and without waiver of the General Objections set forth below, Defendants do not currently intend to assert reliance on the advice of counsel defense." Docket No. 149-13. Plaintiffs point to Defendants' responses to various interrogatories, but none of Defendants' responses implicate an advice of counsel defense. *See* Docket Nos. 149-13 and 149-14. Rather, they describe conversations between Mr. Greer and third parties, which were not subject to attorney-client privilege by definition, and facts relayed by Mr. Greer to Defendants, not legal advice upon which Defendants claim to have relied. The Sixth Circuit has held that "[i]t is clear that when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, Defendants' responses to these interrogatories neither revealed privileged information nor asserted an advice of counsel defense.

Regarding Plaintiffs' argument that Defendants have produced documents containing privileged communications and thereby waived privilege as to all documents involving Mr. Greer, Plaintiff has not demonstrated that privileged communications were in fact produced. Such a waiver only occurs when there has been "voluntary disclosure of the content of a privileged attorney communication . . . ." *Edwards v. Whitaker*, 868 F. Supp. 226, 229 (M.D. Tenn. 1994) (internal quotation marks and citations omitted). The documents to which Plaintiffs refer appear to contain communications between Mr. Greer and Defendants that convey information learned from third parties, or notice that Mr. Greer had sought but not received such information, or other remarks that do not appear to be legal advice. *See, e.g.*, Docket Nos. 149-3 and 149-15. These communications do not involve legal advice, and thus are not protected by the privilege. *See Arkwright*, 1994 U.S. App. LEXIS 3828 at *17-18. Thus, Defendants were required to produce these responsive, non-privileged documents, and did so. "Stated simply, a party cannot waive the attorney client privilege by producing non-privileged documents." *Curtis v. Alcoa, Inc.*, No. 3:06-CV-448, 2009 U.S. Dist. LEXIS 71581 at *32 (E.D. Tenn. Mar. 27, 2009).

The Parties belabor the issue of whether Mr. Greer is more of a lobbyist or an attorney, but the title he bears in any particular situation is irrelevant, as are the issues of whether he was rendering legal advice to Defendants at around the same time he was communicating with Defendants on other matters; how often his name appears on Defendants' privilege log; or whether he is registered as a lobbyist, in the state of California or elsewhere. There is no dispute that Mr. Greer is an attorney, who has been engaged by Defendants, and that he has, at times, rendered legal advice to Defendants. The pertinent inquiry is whether, with regard to any particular communication between Mr. Greer and Defendants, legal advice was sought from Mr.

Greer in his capacity as a legal adviser. *See Arkwright*, 1994 U.S. App. LEXIS 3828 at *17-18. Plaintiffs have not demonstrated that Defendants have produced documents reflecting Mr. Greer's legal advice to Defendants or Defendants' requests for such advice. Thus, Plaintiffs have not persuaded the Court that Defendants have waived their privilege as to Mr. Greer's communications globally.

### III.  CONCLUSION

Because the undersigned is not persuaded that Defendants have waived their attorney-client privilege or the protections of the work product doctrine, the Court does not find that Defendants must produce protected documents in response to Plaintiffs' Document Request Nos. 36, 38, or 39.

For the foregoing reasons, the instant Motion (Docket No. 147) is DENIED.


IT IS SO ORDERED.

Jeffery S. Frensley
United States Magistrate Judge

11