UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH F. KASPER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AAC HOLDINGS, INC., JERROD N. MENZ, MICHAEL T. CARTWRIGHT, ANDREW W. MCWILLIAMS, and KIRK R. MANZ,<br><br>Defendants. | Case No. 3:15-CV-00923-JPM (Consolidated) |

**FINAL JUDGMENT AND ORDER**

The cause was before the Court on June 8, 2018, for a hearing on the Lead Plaintiffs' Motion for (1) Final Approval of Settlement, (2) Approval of Plan of Allocation, and (3) an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiff (ECF No. 214). The hearing was set by the Court's Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated March 7, 2018 (ECF No. 213), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated February 15, 2018 (the "Stipulation") (ECF No. 205). After reviewing the record, the Court finds that due and adequate notice has been given to the Class as required in the Order.

The Court has considered Lead Plaintiffs' Motion for (1) Final Approval of Settlement, (2) Approval of Plan of Allocation, and (3) an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiff (ECF No. 214), as well as the memorandum filed in support of the motion (ECF No. 217) and Defendants' response in support of Lead Plaintiffs' Motion (ECF No. 218). At the hearing, the Court enunciated its analysis of the parties' arguments made in the briefs. The Court reviewed the application of each of the factors that guide its inquiry into

whether the settlement is "fair, reasonable, and adequate" as required by Federal Rule of Civil Procedure 23(e)(1)(C). See <u>Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of America v. Gen. Motors Corp.</u>, 497 F.3d 615, 631 (6th Cir. 2007) (citing <u>Grenada Invs., Inc. v. DWG Corp.</u>, 962 F.2d 1203, 1205 (6th Cir. 1992) and <u>Williams v. Vokovich</u>, 720 F.2d 909, 922-23 (6th Cir. 1983)). For the reasons stated at the hearing, the Court finds that the settlement is "fair, reasonable, and adequate" as required by Federal Rule of Civil Procedure 23(e)(1)(C). Accordingly, Lead Plaintiffs' Motion for Final Approval of Settlement is GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the above-captioned consolidated action (the "Action") and over all parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, Lead Plaintiffs, the Class and each of the Class Members.

4. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Class Members and the Defendants.

5. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.

6. The Settling Parties are ordered to comply with the terms of the Stipulation.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Stipulation and the settlement embodied therein and finds that:

    (a) The Stipulation and the settlement embodied therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiffs and the Defendants to have adequately evaluated and considered their respective positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all the Released Claims with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and each of the Class Members and anyone claiming through or on behalf of them shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Member executes and delivers the Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims). Claims to enforce the Stipulation or this judgment are not released. The Settling Parties acknowledge and the Class Members shall be deemed by operation of law to acknowledge that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the settlement of which the release in this paragraph is a part.

10. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Person of any action or other proceeding in

any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

11. Upon the Effective Date, any and all claims for contribution, however denominated, arising out of or related in any way to the Action (a) by any person or entity against any Defendant or (b) by any Defendant against any person or entity, other than a person or entity whose liability to the Class has been extinguished pursuant to the Settlement, are permanently barred, enjoined and finally discharged to the fullest extent provided 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation.

12. Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Stipulation or this judgment.

13. The notice provided to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Stipulation and the settlement embodied therein, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

14. Any Plan of Allocation submitted by Co-Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

15. Neither the Stipulation nor the settlement contained therein, nor any negotiations, discussions, proceedings or act performed or document executed pursuant to or in furtherance of

the Stipulation: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons, Lead Plaintiffs, Class Members, and Plaintiffs' Counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of the Stipulation.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this judgment and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the settlement embodied in the Stipulation does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. The Court directs immediate entry of this Judgment by the Clerk of the Court.

**SO ORDERED**, this 11th day of June, 2018.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**Timely Exclusion Requests**

| 1 | Marc C Turner<br>Henderson, NV |
|---|---|
| 2 | Ellen Stratgoules<br>Clackamas, OR |
| 3 | Conversion Media, LLC<br>Las Vegas, NV |
| 4 | Lotus Capital, LLC<br>Pacific Palisades, CA |
| 5 | The Girish & Pragati Patel Family Trust<br>Bakersfield, CA |
| 6 | Bow & Arrow Holdings, LLC<br>Pacific Palisades, CA |
| 7 | Venture Quick, Inc.<br>La Jolla, CA |
| 8 | Leigh Tucker<br>Brentwood, TN |
| 9 | Linda Lewis<br>Franklin, TN |
| 10 | James R Servier, Jr<br>Franklin, TN |
| 11 | The Eternal Bliss, LP<br>Bakersfield, CA |
| 12 | Abhilash Patel<br>Pacific Palisades, CA |