UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH F. KASPER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AAC HOLDINGS, INC., JERROD N. MENZ, MICHAEL T. CARTWRIGHT, ANDREW W. MCWILLIAMS, and KIRK R. MANZ,<br><br>Defendants. | Case No. 3:15-CV-00923-JPM<br>(Consolidated) |

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFFS**

The cause was before the Court on June 8, 2018, for a hearing on the Lead Plaintiffs' Motion for (1) Final Approval of Settlement, (2) Approval of Plan of Allocation, and (3) an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiff (ECF No. 214). Kaplan Fox & Kilsheimer, LLP and Kahn Swick & Foti, LLC ("Lead Counsel"), with the support of Lead Plaintiffs, seek an award of attorneys' fees and expenses incurred in this action and for an award of time and expenses to Lead Plaintiffs, and have submitted a memorandum and declaration in support of that motion. (ECF No. 215.) The Court previously granted the Motion for Final Approval of Settlement (ECF No. 220) and now considers the Motion for an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiff. For the reasons discussed below, the Lead Plaintiffs' motion is GRANTED.

**I.  Legal Standard**

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fee and nontaxable costs that are authorized by law or by the parties' agreement." The Sixth Circuit requires "only that awards of attorney's fees by federal

courts in common fund cases be reasonable under the circumstances." Rawlings v. Prodential-Bache Properties, Inc., 9 F.3d 513, 516 (6th Cir. 1993) (citing Smilie v. Park Chem. Co., 710 F.2d 271, 275 (6th Cir. 1983)).  Courts need not employ the lodestar calculation method or the percentage calculation method exclusively, so long as the fee award in each case is reasonable under the circumstances.  Id.

In evaluating the "reasonableness" of an attorneys' fee award, the Sixth Circuit has identified several relevant factors for consideration: "1) the value of the benefit rendered to the corporation or its stockholders, 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides." Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir. 1974); see also Smillie, 710 F.2d at 275.

**II.    Analysis**

In the instant case, all six factors favor the conclusion that the requested attorneys' fee of 25% of the common fund is reasonable.  As to (1) the value to the stockholders, Lead Counsel have secured a cash settlement from Defendants, whose financial stability (and therefore corporate existence) is not assured.  Further, the settlement amount secures, at present, an amount near the low end of Lead Counsel's estimated range of jury awards, while avoiding the delay and additional costs of trial and appeal.  As to (2) society's stake in incentivizing this type of litigation, society benefits from effective enforcement of securities laws, and therefore benefits from this suit.  Moreover, the settlement provides an incentive to other victims of Exchange Act violations to bring claims in exchange for reasonable compensation.  As to (3) the contingent nature of the fee, Class Counsel have represented the class on a contingent fee basis.

The risk of recovering little or no compensation for their legal work and out-of-pocket expenses should not be ignored. "If counsel are not rewarded for this risk, few attorneys will undertake 'the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.'" In re Se. Milk Antitrust Litigation, No. 2:07-cv-208, 2013 WL 2155387 at *5 (E. D. Tenn. May 17, 2013) (quoting Behrens v. Wometco Enter., Inc., 118 F.R.D. 534, 548 (S.D. Fla. 1988)). As to (4) the value of services on an hourly basis, Class Counsel submit that the lodestar amount in this matter would be $5,336,218.50. (ECF No. 215 at PageID 10205.) This results in a multiplier of 1.17, which is within the range of what is considered to be reasonable. (See ECF No. 215 at PageID 10206 (collecting cases)). A multiplier of 1.17 is also reasonable in the instant case, which required a complex factual and legal investigation and at least a moderate risk that the class would not recover. As to (5) the complexity of the litigation, the suit involved complicated factual issues regarding both Defendant' liability and the class' measure damages, as well as a large class impacted by the Defendants' conduct, resulting in a complex (if not very complex) case. As to (6) the professional skill and standing, the Court previously indicated (Order Appointing Class Counsel, ECF No. 136 at Page ID 5851), Class Counsel are experienced, practiced securities litigators. Each of these factors weighs in favor of the conclusion that the proposed attorneys' fee of 25% of the settlement fund is reasonable under the circumstances. No objections to the proposed fee were filed. The Court therefore concludes that the proposed award is reasonable.

Regarding the motion's requests for expenses and awards to the lead plaintiffs, the requests are supported by declarations filed in the record. (ECF Nos. 216-1, -2, -3, -4, -5, -6.) These costs do not appear unreasonable, nor have any objections to them been filed. The Motion

for an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiff is therefore GRANTED.

## III. Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of February 15, 2018 (the "Stipulation"), and filed with the Court. ECF No. 208.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the class who have not timely and validly requested exclusion.

3. The Court hereby award Lead Counsel attorneys' fees of 25% of the Settlement Amount, and litigation expenses in the amount of $640,556.78, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees and expenses shall be allocated amongst counsel in a manner which, in Lead Counsel's good faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation.

4. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things, the following: the highly favorable result achieved for the Class; the contingent nature of Lead Counsel's representation; Lead Counsel's diligent prosecution of the Litigation; the quality of legal services provided by Lead Counsel that produced the Settlement; that the Lead Plaintiffs appointed by the Court to represent the Class approved the requested fee; the reaction of the Class to the fee request; and that the awarded fee is in accord with Sixth Circuit authority and consistent with other fee awards in cases of this size.

5. The awarded attorneys' fees and expenses shall be paid to Lead Counsel immediately after the date this Order is executed subject to the terms, conditions and obligations

of the Stipulation and in particular ¶6.2 thereof, which terms, conditions and obligations are incorporated herein.

      6.      Pursuant to 15 U.S.C. §78u-4(a)(4), Lead Plaintiff Arkansas Teacher Retirement System is awarded $6,541.88 as payment for time spent in representing the Class and Lead Plaintiff Dr. James P. Gills is awarded $8,825 as payment for time spent representing the Class.

**SO ORDERED**, this 11th day of June, 2018.

        /s/ Jon P. McCalla
        JON P. McCALLA
        UNITED STATES DISTRICT JUDGE